# United States Court of Appeals

FIFTH CIRCUIT
OFFICE OF THE CLERK

LYLE W. CAYCE
CLERK

TEL. 504-310-7700
600 S. MAESTRI PLACE,
Suite 115
NEW ORLEANS, LA 70130

August 14, 2019

Ms. Jeannette Clack
Western District of Texas, El Paso
United States District Court
525 Magoffin Avenue
Room 108
El Paso, TX 79901-0000

No. 19-50261 Frederick Fermin v. Priest of Saint Mary,et al
USDC No. 3:18-CV-327

Dear Ms. Clack,

Enclosed is a copy of the judgment issued as the mandate and a copy of the court's opinion.

Sincerely,

LYLE W. CAYCE, Clerk

By: _____
Nancy F. Dolly, Deputy Clerk
504-310-7683

cc: Mr. Francis Swinburne Ainsa Jr.
    Mr. Frederick Collins Fermin

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 19-50261
Summary Calendar

D.C. Docket No. 3:18-CV-327

United States Court of Appeals
Fifth Circuit
**FILED**
July 24, 2019
Lyle W. Cayce
Clerk

FREDERICK COLLINS FERMIN,

    Plaintiff - Appellant

v.

PRIEST OF SAINT MARY - MARFA, TEXAS; DIOCESE OF EL PASO, TEXAS,

    Defendants - Appellees

Appeal from the United States District Court for the
Western District of Texas

Before JOLLY, HIGGINSON, and COSTA, Circuit Judges.

## JUDGMENT

This cause was considered on the record on appeal and the briefs on file.

It is ordered and adjudged that the judgment of the District Court is affirmed.

IT IS FURTHER ORDERED that plaintiff-appellant pay to defendants-appellees the costs on appeal to be taxed by the Clerk of this Court.



Certified as a true copy and issued
as the mandate on **Aug 14, 2019**

Attest: *Lyle W. Cayce*
Clerk, U.S. Court of Appeals, Fifth Circuit

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 19-50261
Summary Calendar

United States Court of Appeals
Fifth Circuit
**FILED**
July 24, 2019
Lyle W. Cayce
Clerk

FREDERICK COLLINS FERMIN,

> Plaintiff - Appellant

v.

PRIEST OF SAINT MARY - MARFA, TEXAS; DIOCESE OF EL PASO, TEXAS,

> Defendants - Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:18-CV-327

Before JOLLY, HIGGINSON, and COSTA, Circuit Judges.

GREGG COSTA, Circuit Judge:*

Frederick Collins Fermin sued the Diocese of El Paso and an unnamed priest for using a crucifix during his baptism in 1925. He alleges that the priest did so "in violation of God's law," citing, among other Bible verses, the Second Commandment's prohibition of idolatry. See EXODUS 20:4. The district court

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Case: 19-50261 Document: 00515075358 Page: 2 Date Filed: 08/14/2019
Case 3:18-cv-00327-DCG Document 32 Filed 08/16/19 Page 4 of 5

No. 19-50261

granted the Diocese's motion to dismiss for lack of subject matter jurisdiction, and we affirm.

Fermin says the district court had both diversity and federal question jurisdiction. *See* 28 U.S.C. §§ 1331, 1332. But he did not meet his burden of pleading facts in support of either. *See Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001). Diversity jurisdiction requires complete diversity of citizenship—that is, neither defendant can be a citizen of the same state as Fermin. *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 804 (5th Cir. 1991). Fermin fails to allege state citizenships for himself or the defendants. That "failure adequately to allege the basis for diversity jurisdiction mandates dismissal." *Id.* at 805. Plus, as the district court observed, by all appearances there is not complete diversity: Fermin's signature block on his complaint lists a San Antonio address, and the Diocese is presumably an El Paso resident.

Moving to federal question jurisdiction, we note that Fermin raises a First Amendment claim. That claim arises under federal law, so it survives a challenge to subject matter jurisdiction unless it is so "completely devoid of merit as not to involve a federal controversy." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) (quoting *Oneida Indian Nation of N.Y. v. Cty. of Oneida*, 414 U.S. 661, 666 (1974)). But a First Amendment claim against a church and a priest cannot meet that low bar. The First Amendment constrains state action, not private conduct. *Manhattan Cmty. Access Corp. v. Halleck*, 139 S. Ct. 1921, 1928 (2019). Churches and priests are not state actors. Indeed, if the First Amendment had any role to play in this case, it would be to warn us against delving into a dispute about religious doctrine. *See Serbian E. Orthodox Diocese for U.S. & Canada v. Milivojevich*, 426 U.S. 696, 709 (1976).

We thus need not consider Fermin's argument that the district court erred in denying his motion for default judgment. The Diocese admits that it

Case 5:18-cv-00327-DCG   Document 32   Filed 08/16/19   Page 5 of 5
Case: 19-50261   Document: 00515075338   Page: 3   Date Filed: 08/14/2019

No. 19-50261

Case 5:18-cv-00327-DCG   Document 32   Filed 08/16/19   Page 5 of 5
Case: 19-50261   Document: 00515075338   Page: 3   Date Filed: 08/14/2019

No. 19-50261

filed its answer two days late. But without subject matter jurisdiction, the district court could not have granted a default judgment even if one had been warranted. *Mitchell v. Texas*, 56 F.3d 1385, 1995 WL 337749, at *1 (5th Cir. 1995) (per curiam).

\*   \*   \*

The district court's judgment is AFFIRMED.

Case 5:18-cv-00327-DCG   Document 32   Filed 08/16/19   Page 5 of 5
Case: 19-50261   Document: 00515075338   Page: 3   Date Filed: 08/14/2019

3